UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- --x
EDWIN PEREZ and JAVIER YANGUA,
individually and on behalf of all other persons
similarly situated,

                        Plaintiffs,

                                                                                 08-cv-2775 (CM)(KNF)

    -against-

TIME MOVING & STORAGE INC., THE TIME
RECORD STORAGE COMPANY, LLC,
HYPERION ASSOCIATES, LLC, JOHN KEVIN
GILGAN, JOSEPH P. CANDELLA, and, JAMES
DOWSE,

                        Defendants.
--------------------------------------------------------------- --x

## DEFENDANTS' ANSWER

Defendants Time Moving & Storage Inc. ("Time Moving") and The Time Record Storage Company s/h/a The Time Record Storage Company, LLC ("Time Record"), Hyperion Associates, LLC ("Hyperion"), John Kevin Gilgan ("Gilgan"), Joseph P. Candella ("Candella") and James Dowse ("Dowse"), by their attorneys, Clifton Budd & DeMaria, LLP, for their Answer to the Complaint, state as follows:

        1.        Deny.

        2.        Deny.

        3.        Deny.

        4.        Deny knowledge or information sufficient to form a belief.

        5.        Deny knowledge or information sufficient to form a belief.

6. Deny knowledge or information sufficient to form a belief.

7. Admit.

8. Deny.

9. Deny.

10. States a legal conclusion, which defendants neither admit nor deny.

11. Admit that Time Moving and Time Record each have had gross revenues in excess of $500,000.00 and use goods produced in interstate commerce, and otherwise deny.

12. Admit that Gilgan is a principal of Time Moving, Time Record and Hyperion, and otherwise deny.

13. Admit that Candella is a principal of Time Moving, Time Record and Hyperion, and otherwise deny.

14. Admit that Dowse is vice president of operation of Time Moving, and otherwise deny.

## JURISDICTION AND VENUE

15. States a legal conclusion, which defendants neither admit nor deny.

16. States a legal conclusion, which defendants neither admit nor deny.

17. States a legal conclusion, which defendants neither admit nor deny.

## COLLECTIVE ACTION ALLEGATIONS

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

**CLASS ALLEGATIONS**

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

## FACTS

37. Admit that Time Moving and Time Record are engaged in the business of providing storage and moving services, and otherwise deny.

38. Admit that Time Moving and Time Record utilized warehouses located in New York and New Jersey, and otherwise deny.

39. Admit that plaintiff Perez was employed by Hyperion from approximately May 12, 2005 to present, and otherwise deny.

40. Admit that plaintiff Yangua was employed by Time Record from approximately September 27, 2006 to present, and otherwise deny.

41. Admit that at all times during their employment, plaintiff's regular duties included the safe loading of commercial vehicles in furtherance of defendants' operations, and otherwise deny.

42. Admit that plaintiffs' safe loading of commercial vehicles in furtherance of defendants' operations, and otherwise deny.

43. Deny.

44. Deny.

45. Deny.

46. Admit that plaintiffs were not paid 1.5 times their regular rate for hours worked in excess of forty, expressly aver plaintiffs' job duties and responsibilities exempted them from all federal, state and local laws that provide for the payment of overtime premiums, and otherwise deny.

47. Admit that plaintiffs were not paid one additional hour's pay at minimum wage for each day they worked in excess of ten hours, expressly aver plaintiffs' were not entitled to spread-of-hours premiums because their regular rate of pay exceeded the minimum wage by an amount sufficient to exempt them from all federal, state and local laws that provide for the payment of spread-of-hours premiums, and otherwise deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

## COUNT I

**(Fair Labor Standards Act – Overtime)**

54. Defendants repeat and reallege the foregoing paragraphs as though fully set forth herein.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

## COUNT II

**(New York Labor Law – Overtime)**

60. Defendants repeat and reallege the foregoing paragraphs as though fully set forth herein.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

## COUNT III

**(New York Labor Law – Spread of Hours)**

66. Defendants repeat and reallege the foregoing paragraphs as though fully set forth herein.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

## COUNT IV

**(New York Labor Law – Minimum Wage/Failure to Pay Wages)**

72. Defendants repeat and reallege the foregoing paragraphs as though fully set forth herein.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

## COUNT V

### (Fair Labor Standards Act – Minimum Wage)

79. Defendants repeat and reallege the foregoing paragraphs as though fully set forth herein.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

### FIRST DEFENSE

84. Plaintiffs' claims for unpaid overtime premiums are barred by the Motor Carrier Act exemption.

85. Defendants are motor carriers and/or private motor carriers, whose employees are within the authority of the Secretary of Transportation to establish qualifications and maximum hours of service pursuant to section 204 of The Motor Carrier Act of 1935.

86. Plaintiffs loaded commercial vehicles in furtherance of defendants' operations and were responsible for doing so safely and properly.

87. Plaintiffs observed, supervised, directed and trained other employees in the safe and proper loading of commercial vehicles in furtherance of defendants' operations.

88. Plaintiffs' activities affected the safety of defendants' operations.

89. Plaintiffs' employment was within the authority of the Secretary of Transportation to establish qualifications and maximum hours of service pursuant to section 204 of The Motor Carrier Act of 1935, exempting them from the overtime provisions of the Fair Labor Standards Act and the New York Labor Law.

**SECOND DEFENSE**

90. Plaintiffs' claims are barred to the extent they seek recovery for activities not compensable, including traveling to and from the actual place of performance of the principal activities which they are employed to perform, and activities which are preliminary and postliminary to said principal activities.

**THIRD DEFENSE**

91. Plaintiffs' claims are barred to the extent they seek spread-of-hours premiums that are applicable only to minimum wage workers.

**FOURTH DEFENSE**

92. The proposed class members are not similarly situated; the proposed class lacks numerosity and typicality required to maintain a class action; questions of law and facts affecting individual class member predominate over common questions of law or fact; and no defendant has acted or refused to act on grounds generally applicable to the class; hence, class treatment is inappropriate.

**FIFTH DEFENSE**

93. The proposed class is so vaguely defined that the class cannot be reasonably identified, and thus cannot be maintained.

**SIXTH DEFENSE**

94. Defendants are entitled to a set-off for all travel time and other monies paid to plaintiffs for any hours not worked.

**SEVENTH DEFENSE**

95. Defendants Gilgan, Candella and Dowse are not "employers' under the FLSA or the NYLL and cannot otherwise be held individually liable.

**EIGHTH DEFENSE**

96. Plaintiffs fail to state claims upon which relief can be granted, as they are not entitled to any monetary payments beyond what they have already been paid.

**NINTH DEFENSE**

97. The named defendants are not joint employers.

**TENTH DEFENSE**

98. Any violation of the FLSA or New York Labor Law on the part of defendants (and defendants expressly deny any such violation) was inadvertent or the product of neglect, and was not willful.

**ELEVENTH DEFENSE**

99. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

**WHEREFORE,** defendants respectfully request that the Complaint be dismissed with prejudice and with costs, and that this Court grant such other and further relief as the Court deems appropriate.

Dated: New York, New York
May 8, 2008

CLIFTON BUDD & DeMARIA, LLP

By:__s/_____
Arthur J. Robb (AR 9446)
*Attorneys for Defendants*
420 Lexington Avenue
New York, NY 10170
(212) 687-7410