UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- --x
EDWIN PEREZ and JAVIER YANGUA,
individually and on behalf of all other persons
similarly situated,

                Plaintiffs,

                                          08-cv-2775 (CM)(KNF)

        -against-

TIME MOVING & STORAGE INC., THE TIME
RECORD STORAGE COMPANY, LLC,
HYPERION ASSOCIATES, LLC, JOHN KEVIN
GILGAN, JOSEPH P. CANDELLA, and, JAMES
DOWSE,

                Defendants.
---------------------------------------------------------------- --x

## NOTICE OF DEFENDANTS' RULE 12(C) MOTION

      **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 12(c), defendants will move this Court before the Honorable Colleen McMahon for an Order dismissing Counts I and II of the Complaint as well as plaintiffs' class/collective claims, and awarding such other and further relief as the Court deems proper and just. The grounds for the motion are: (1) Plaintiffs overtime claims are barred by the Motor Carrier Act, and (2) plaintiffs' class/collective allegations are insufficiently alleged.

      The following Exhibits are attached in support of the motion: (1) Exhibit "A" is a true copy of the Complaint; and (2) Exhibit "B" is a true copy of defendants' U.S.D.O.T. Motor Carrier Certificate.

Dated: New York, New York
       June 13, 2008

                              CLIFTON BUDD & DeMARIA, LLP

                              By:_____
                                  Arthur J. Robb (AR 9446)
                                  *Attorneys for Defendants*
                                  420 Lexington Avenue
                                  New York, NY 10170
                                  (212) 687-7410

# EXHIBIT "A"

USDOT Number    MC/MX Number    Name

Enter Value: TIME MOVING

Search

### *Company Snapshot*

**TIME MOVING & STORAGE INC**
USDOT Number: 293895

ID/Operations | Inspections/Crashes | Safety Rating | Insurance

**Other Information for this Carrier**

▼ SafeStat Results

▼ Licensing & Insurance

**Carriers:** If you would like to update the following ID/Operations information, please complete and submit form MCS-150 which can be obtained online or from your State FMCSA office. If you would like to challenge the accuracy of your company's safety data, you can do so using FMCSA's DataQs system.

**Carrier and other users:** FMCSA provides the Company Safety Profile (CSP) to motor carriers and the general public interested in obtaining greater detail on a particular motor carrier's safety performance then what is captured in the Company Snapshot. To obtain a CSP please visit the CSP order page or call (800)832-5660 or (703)280-4001 (Fee Required).

For help on the explanation of individual data fields, click on any field name or for help of a general nature go to SAFER General Help.

**The information below reflects the content of the FMCSA management information systems as of 02/06/2008.**

| Entity Type: | Carrier | | |
|---|---|---|---|
| **Out of Service (Interstate Only):** | No | **Out of Service Date:** | None |
| **Legal Name:** | TIME MOVING & STORAGE INC | | |
| **DBA Name:** | | | |
| **Physical Address:** | 628 W 45TH ST NEW YORK, NY  10036-1916 | | |
| **Phone:** | (718) 855-1700 | | |
| **Mailing Address:** | 628 W 45TH STREET NEW YORK, NY  10036-1916 | | |
| **USDOT Number:** | 293895 | **State Carrier ID Number:** | |
| **MC or MX Number:** | 194481 | **DUNS Number:** | 08-041-3172 |
| **Power Units:** | 22 | **Drivers:** | 32 |
| **MCS-150 Form Date:** | 05/01/2007 | **MCS-150 Mileage (Year):** | 50,000 (2004) |
| **Operation Classification:** | | | |

| | | |
|---|---|---|
| X Auth. For Hire | Priv. Pass.(Non-business) | State Gov't |
| Exempt For Hire | Migrant | Local Gov't |
| Private(Property) | U.S. Mail | Indian Nation |

D02539

| Priv. Pass. (Business) | Fed. Gov't | |
|---|---|---|
| **Carrier Operation:** | | |
| X Interstate | Intrastate Only (HM) | Intrastate Only (Non-HM) |
| **Cargo Carried:** | | |

| | | |
|---|---|---|
| General Freight | Liquids/Gases | Chemicals |
| X Household Goods | Intermodal Cont. | Commodities Dry Bulk |
| Metal: sheets, coils, rolls | Passengers | Refrigerated Food |
| Motor Vehicles | Oilfield Equipment | Beverages |
| Drive/Tow away | Livestock | Paper Products |
| Logs, Poles, Beams, Lumber | Grain, Feed, Hay | Utilities |
| Building Materials | Coal/Coke | Agricultural/Farm Supplies |
| Mobile Homes | Meat | Construction |
| Machinery, Large Objects | Garbage/Refuse | Water Well |
| Fresh Produce | US Mail | X OFFICE FURNITUR |

## ID/Operations | Inspections/Crashes | Safety Rating | Insurance

### Inspection results for 24 months prior to: 02/06/2008

**Total inspections: 12**

Note: Total inspections may be less than the sum of vehicle, driver, and hazmat inspections. Go to Inspections Help for further information.

**Inspections:**

| Inspection Type | Vehicle | Driver | Hazmat |
|---|---|---|---|
| Inspections | 10 | 12 | 0 |
| Out of Service | 0 | 2 | 0 |
| Out of Service % | 0% | 16.7% | 0% |
| Nat'l Average % (2005-2006) | 23.14% | 6.80% | 5.39% |

### Crashes reported to FMCSA by states for 24 months prior to: 02/06/2008

**Crashes:**

| Type | Fatal | Injury | Tow | Total |
|---|---|---|---|---|
| Crashes | 0 | 0 | 0 | 0 |

## ID/Operations | Inspections/Crashes | Safety Rating | Insurance

D02540

*The Federal safety rating does not necessarily reflect the safety of the carrier when operating in intrastate commerce.*

**Carrier Safety Rating:**

**The rating below is current as of: 02/06/2008**

**Review Information:**

| Rating date: | 11/02/1992 | Review Date: | 08/24/1992 |
|---|---|---|---|
| **Rating:** | Satisfactory | **Type:** | Safety Review |

## ID/Operations | Inspections/Crashes | Safety Rating | Insurance

For the most current information on the status of operating authority
and insurance for this carrier, go to the FMCSA Licensing & Insurance site.

---

SAFER Links

Skip Links | Home | Feedback | Contact | DataQs | FAQ | Accessibility | Privacy Notice | Related Links | Acrobat
Reader Download

D02541



U.S. Department of Transportation
Federal Motor Carrier Safety Administration

400 7th Street SW
Washington, DC 20590

**SERVICE DATE**
April 25, 2003

## CERTIFICATE

### MC-194481-C

### TIME MOVING & STORAGE, INC

### NEW YORK, NY

This Certificate is evidence of the carrier's authority to engage in transportation as a **common carrier of household goods** by motor vehicle in interstate or foreign commerce.

This authority will be effective as long as the carrier maintains compliance with the requirements pertaining to insurance coverage for the protection of the public (49 CFR 387); the designation of agents upon whom process may be served (49 CFR 366); tariffs or schedules (49 CFR 1312); and arbitration of loss and damage disputes (49 U.S.C. § 14708). The carrier shall also render reasonably continuous and adequate service to the public. Failure to maintain compliance will constitute sufficient grounds for revocation of this authority.

*Terry Shelton*

Terry Shelton, Director
Office of Data Analysis & Information Systems

**NOTE:** Willful and persistent noncompliance with applicable safety fitness regulations as evidenced by a DOT safety fitness rating of "Unsatisfactory" or by other indicators, could result in a proceeding requiring the holder of this certificate or permit to show cause why this authority should not be suspended or revoked.

# EXHIBIT "B"



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK



**SAMUEL & STEIN**
David Stein (DS 2119)
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiffs,
Edwin Perez and Javier Yangua



Edwin Perez and Javier
Yangua, Individually and on
Behalf of All Other Persons
Similarly Situated

          Plaintiffs,

          – vs. –

Time Moving & Storage Inc.,
The Time Record Storage
Company, LLC, Hyperion
Associates, LLC, John Kevin
Gilgan, Joseph P. Candella,
and James Dowse,

          Defendants.

CASE NO. 08-CV-_____

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

## NATURE OF THE ACTION

**1.** Plaintiffs Edwin Perez and Javier Yangua

(hereinafter referred to as "plaintiffs") allege on behalf

of themselves and on behalf of other similarly situated

current and former employees of defendants Time Moving &

Storage Inc., The Time Record Storage Company, LLC,

Hyperion Associates, LLC, John Kevin Gilgan, Joseph P.

Candella, and James Dowse (hereinafter referred to as "defendants") and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because defendants' violations were willful.

2. Plaintiffs further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages and liquidated damages from defendants for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

3. Plaintiffs further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to the FLSA and Fed.R.Civ.P. 23, that they are entitled to back wages from defendants for defendants' willful failure to pay in excess of the federal and state-mandated minimum

wages in violation of the FLSA and New York Labor Law §
652.

## THE PARTIES

4. Plaintiff Edwin Perez, at all relevant times, was an
adult individual residing in Brooklyn, New York, County of
Kings.

5. Plaintiff Javier Yangua, at all relevant times, was
an adult individual residing in Brooklyn, New York, County
of Kings.

6. Plaintiffs Perez and Yangua consent in writing to be
parties to this action pursuant to 29 U.S.C. § 216(b);
their written consents are attached hereto and incorporated
by reference.

7. Upon information and belief, defendant Time Moving &
Storage Inc., is a New York corporation with a principal
place of business at 628 West 45th Street, New York, County
of New York.

8. Upon information and belief, defendant The Time
Record Storage Company, LLC, is a New York corporation with
a principal place of business at 628 West 45th Street, New
York, New York, County of New York.

9. Upon information and belief, defendant Hyperion
Associates, LLC, is a New York corporation with a principal

3

place of business at 158 Pioneer Street, Brooklyn, New York, County of Kings.

10. At all relevant times, defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Upon information and belief, at all relevant times, defendants have had gross revenues in excess of $500,000.00 and use goods produced in interstate commerce.

12. Upon information and belief, defendant John Kevin Gilgan is the chief executive officer of defendant Time Moving & Storage Inc. and a principal of defendants Time Record Storage Company, LLC and Hyperion Associates, LLC, and has the power to hire and fire employees, set wages and schedules, and retain their records.

13. Upon information and belief, defendant Joseph P. Candella is a principal of defendants Time Moving & Storage Inc., Time Record Storage Company, LLC, and Hyperion Associates, LLC, and has the power to hire and fire employees, set wages and schedules, and retain their records.

14. Upon information and belief, defendant James Dowse is the vice president of operations of defendants Time Moving & Storage Inc. and Time Record Storage Company,

4

LLC, and a principal of defendant Hyperion Associates, LLC, and has the power to hire and fire employees, set wages and schedules, and retain their records.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

17. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by defendants in the United States at any time since March 12, 2005, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid

overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

**19.** This collective action class is so numerous that joinder of all members is impracticable.

**20.** Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are approximately 100 members of the class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

**21.** Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

**22.** Plaintiffs have no interest that is contrary to, or in conflict with, the members of this collective action.

**23.** A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

24. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

25. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

26. Among the common questions of law and fact under the FLSA common to plaintiffs and other Collective Action Members are the following:

    a. whether defendants employed the Collective Action Members within the meaning of the FLSA;

    b. whether defendants failed to keep true and accurate time records for all hours worked by plaintiffs and the Collective Action Members;

    c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. whether defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any

area where plaintiffs and the Collective Action
Members are employed in violation of C.F.R. §
516.4;

e.  whether defendants failed to pay the Collective
Action Members overtime compensation for hours
worked in excess of forty hours per workweek in
violation of the FLSA and the regulations
promulgated thereunder;

f.  whether defendants failed to pay the Collective
Action Members for hours worked "off the clock;"

g.  whether defendants' violations of the FLSA are
willful as that term is used within the context
of the FLSA;

h.  whether defendants are liable for all damages
claimed hereunder including, but not limited to,
compensatory, punitive, and statutory damages,
interest, costs and disbursements, and
attorneys' fees; and

i.  whether defendants should be enjoined from such
violations of the FLSA in the future.

27.  Plaintiffs know of no difficulty that will be
encountered in the management of this litigation that will
preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

**28.** Plaintiffs sue on their own behalf and on behalf of a class of persons under Fed.R.Civ.P. 23(a), (b)(2), and (b)(3).

**29.** Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by defendants at any time since March 12, 2002, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law, and who have not been paid overtime wages in violation of the New York Labor Law (the "Class").

**30.** The persons in the Class identified above are so numerous that joinder of all members is impracticable.

**31.** Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are approximately 200 members of the Class during the Class Period.

**32.** The claims of plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously

9

prosecute a lawsuit in federal court against corporate defendants.

**33.** Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**34.** Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

**35.** Plaintiffs have the same interests in this matter as all other members of the Class, and plaintiffs' claims are typical of the Class.

**36.** There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class including, but not limited to, the following:

> a. whether defendants employed the members of the Class within the meaning of the New York Labor Law;
>
> b. whether defendants failed to keep true and accurate time records for all hours worked by Perez and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of ten hours per day and/or forty hours per workweek within the meaning of the New York Labor Law;

e. whether defendants failed to pay the members of the Class for hours worked "off the clock;"

f. whether defendants' violations of New York Labor Law are willful as that term is used within the context of the statute;

g. whether defendants are liable for all damages claimed hereunder including, but not limited to, interest, costs and disbursements, and attorneys' fees; and

h. whether defendants should be enjoined from such violations of the New York Labor Law in the future.

## FACTS

**37.** At all relevant times, defendants were engaged in the business of providing storage and moving services to the general public.

**38.** At all relevant times, defendants operated storage warehouses in New York and New Jersey.

**39.** From approximately January 2005 to the present time, plaintiff Perez was employed as a helper and as a supervisor by defendants.

**40.** From approximately September 2006 to the present time, plaintiff Yangua was employed as a helper and as a supervisor by defendants.

**41.** The work that plaintiffs performed as supervisors was substantially similar to the work which they performed as helpers, and they did not have the power to make executive decisions in this role.

**42.** Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants.

**43.** The work performed by plaintiffs required little skill and no capital investment.

**44.** The work performed by plaintiffs did not affect motor vehicle operation safety.

**45.** Plaintiffs' respective duties did not include managerial responsibilities, the ability to hire, fire, discipline, or promote, or the exercise of independent judgment.

**46.** Plaintiffs often worked in excess of forty hours per week, yet defendants willfully failed to pay plaintiffs overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

**47.** Plaintiffs often worked in excess of ten hours per day, yet defendants willfully failed to pay plaintiffs one additional hour's pay at the minimum wage for each day they worked more than ten hours in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

**48.** Defendants often required plaintiffs to arrive at work at a given job site at a certain time, but willfully refused to pay plaintiffs for the first hour they were working at the site, in violation of the F.L.S.A., New York Labor Law, and the supporting regulations.

**49.** Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Class Period) and continuing until today,

13

defendants have likewise employed other individuals like plaintiffs (the Collective Action Members/the Class) in positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

50. Moreover, these individuals do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

51. These other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate as well as failed to pay them for all hours worked, in violation of the FLSA and the New York Labor Law.

52. As stated above, the exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

53. Upon information and belief, while defendants employed plaintiffs and the Collective Action Members/the Class, and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records and

14

failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### COUNT I

### (Fair Labor Standards Act - Overtime)

54. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, defendants employed, and/or continue to employ, plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

56. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for the employees' hours worked in excess of forty hours per workweek.

57. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action members, at a rate not less that one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

**58.** The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**59.** Due to defendants' FLSA violations, plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

**60.** Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

**61.** At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

**62.** Defendants willfully violated plaintiffs' rights and the rights of the members of the Class by failing to pay them overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour

16

worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seg.* and its supporting regulations in 12 N.Y.C.R.R § 137.

**63.** Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

**64.** Defendants' New York Labor Law violations have caused plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

**65.** Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

**COUNT III**

**(New York Labor Law – Spread of Hours)**

**66.** Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

**67.** At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

17

68.   Defendants willfully violated plaintiffs' rights and the rights of the members of the Class by failing to pay them an additional hour's pay at the minimum wage for each day they worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R § 137-1.7.

69.   Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

70.   Defendants' New York Labor Law violations have caused plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

71.   Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT IV

### (New York Labor Law – Minimum Wage/Failure to Pay Wages)

72.   Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

18

**73.** At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

**74.** Defendants' failure to pay plaintiffs for each hour worked constituted a willful violation of the right of plaintiffs to salaries in excess of the minimum wage in violation of the New York Labor Law §§ 652 and its regulations.

**75.** Defendants' failure to pay plaintiffs for each hour worked constituted a willful violation of the right of plaintiffs to payment of wages in violation of the New York Labor Law §§ 191(a) and its regulations.

**76.** Defendants' failure to pay salaries in excess of minimum wage was willful within the meaning of New York Labor Law § 198, New York Labor Law § 663, and supporting regulations.

**77.** Defendants' New York Labor Law violations have caused plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

**78.** Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid compensation, liquidated damages, reasonable attorneys' fees, and costs

and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT V

### (Fair Labor Standards Act – Minimum Wage)

**79.** Plaintiffs, on behalf of themselves and the Collective Action members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

**80.** Defendants' failure to pay the Collective Action members for each hour they worked constitutes a failure to pay the federally mandated minimum wage in violation of 29 U.S.C. § 206.

**81.** The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**82.** Defendants' New York Labor Law violations have caused plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

**83.** Due to defendants' FLSA violations, plaintiffs, on behalf of themselves and the Collective Action members are entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

      a.  Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing plaintiffs Perez and Yangua and their counsel to represent the Class;

      b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs Perez and Yangua and their counsel to represent the Collective Action members;

21

c.  A  declaratory  judgment  that  the  practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An  injunction  against  defendants  and  their officers,  agents,  successors,  employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging  in  each  of  the  unlawful  practices, policies, and patterns set forth herein;

e.  A  compensatory  award  of  unpaid  overtime compensation due under the FLSA and the New York Labor Law;

f.  An  award  of  liquidated  damages  as  a  result  of defendants'  willful  failure  to  pay  overtime compensation pursuant to 29 U.S.C. § 216;

g.  Punitive damages;

h.  An  award  of  prejudgment  and  postjudgment interest;

i.  An  award of costs and expenses of this action together  with  reasonable  attorneys'  and  expert fees; and

j.  Such other and further relief as this Court

deems just and proper.

Dated:   March 12, 2008

David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
Attorneys for Plaintiffs,
Edwin Perez and Javier Yangua
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884

23

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed.R.Civ.P. 38 (b), plaintiffs demand a trial by jury on all questions of fact raised by this complaint.

Dated:   March 12, 2008

David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
Attorneys for Plaintiffs,
Edwin Perez and Javier Yangua
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act and the New York Labor Law to recover unpaid wages and overtime from my current and/or former employer, Time Moving & Storage, Inc., and/or the Time Record Storage Company, LLC, and/or Hyperion Associates, and their respective principals. I have been provided with a copy of the Retainer Agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

_____
Signature

_____
Date

_____
Printed Name

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act and the New York Labor Law to recover unpaid wages and overtime from my current and/or former employer, Time Moving & Storage, Inc., and/or the Time Record Storage Company, LLC, and/or Hyperion Associates, and their respective principals. I have been provided with a copy of the Retainer Agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

_____
Signature

2/21/08
Date

Javier Yangua
Printed Name