UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EDWIN PEREZ and JAVIER YANGUA,
individually and on behalf of all other persons
similarly situated,

                      Plaintiffs,

                                                  08-cv-2775 (CM)(KNF)

      -against-

TIME MOVING & STORAGE INC., THE TIME
RECORD STORAGE COMPANY, LLC,
HYPERION ASSOCIATES, LLC, JOHN KEVIN
GILGAN, JOSEPH P. CANDELLA, and, JAMES
DOWSE,

                      Defendants.
------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RULE 12 (C) MOTION TO DISMISS

Clifton Budd & DeMaria, LLP
420 Lexington Avenue
New York, New York 10170
212-687-7410

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

PERTINENT ALLEGATIONS .................................................................................................. 2

ARGUMENT ............................................................................................................................... 3

    I.    RULE 12(C) STANDARD ............................................................................................ 3

    II.    PLAINTIFFS' OVERTIME CLAIMS ARE BARRED BY THE MOTOR CARRIER ACT EXEMPTION ................................................................................... 5

        A.    *The Motor Carrier Act Exemption Generally* ....................................... 5

        B.    *Secretary of Transportation's Jurisdiction* ............................................ 5

        C.    *The exempt "loader"* ................................................................................ 7

        D.    *De minimis activity cases are clearly distinguishable* ........................... 8

        E.    *Plaintiffs are exempt loaders* .................................................................. 9

    III.    THE CLASS/COLLECTIVE CLAIMS ARE INSUFFICIENTLY ALLEGED .. 10

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Bakalar v. Vavra*, 237 F.R.D. 59 (S.D.N.Y. 2006) .......................................................... 14

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...................... 4, 13

*Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217 (2d Cir 2002) ............................ 7, 12

*Blankenship v. Thurston Motor Lines, Inc.*, 415 F.2d 1193 (4th Cir. 1969) ............ 8, 9, 10

*Blue Tree Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212 (2d Cir. 2004) ....................................................................... 5

*Fershtadt v. Verizon Communs., Inc.*, 2008 U.S. Dist. LEXIS 34236 (S.D.N.Y. Apr. 24, 2008) ........................................................................................ 4

*Ginsberg v. Gov't Props. Trust, Inc.*, 2007 U.S. Dist. LEXIS 75771 (S.D.N.Y. Oct. 11, 2007) ........................................................................................ 5

*Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094 (S.D. Iowa 2008) ........................... 14

*Khan v. IBI Armored Services, Inc.*, 474 F.Supp.2d 448 (S.D.N.Y. 2007) ...................... 11

*Levinson v. Spector Motor Service,* 330 U.S. 649 67 S.Ct. 931 (1947) ........................ 8, 9

*Morris v. McComb*, 332 U.S. 422, 68 S. Ct. 131 (1947) ................................................ 7, 8

*Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123 (2d Cir. 2001) ............ 4, 5

*Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ............................ 13

*Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007) ................................................................... 5

*Southland Gasoline Co. v. Bayley*, 319 U.S. 44 63 S. Ct. 917 (1943) ............................... 6

*Troutt v. Stavola*, 905 F.Supp. 295 (M.D.N.C. 1995), aff'd, 107 F.3d 1104 (4th Cir 1997). ........................................................................................................... 11

*United States v. American Trucking Ass'ns, Inc.*, 310 U.S. 534, 60 S. Ct. 1059, 1069 (1940) .......................................................................................................... 7

*Vaughn v. Watkins Motor Lines*, 291 F.2d 900 (6th Cir 2002) ................................ 9, 10

*Zhong v. August August Corp.*, 498 F. Supp. 2d 625 (S.D.N.Y. 2007) ........................... 13

**Statutes**

29 U.S.C. § 206 ......................................................................................................................6

29 U.S.C. § 207 ......................................................................................................................6

29 U.S.C. § 213 ......................................................................................................................6

29 U.S.C. § 216 ....................................................................................................................13

**Rules**

Federal Rule of Civil Procedure 12(c)...................................................................................4

Federal Rule of Civil Procedure 23 .....................................................................................14

**Regulations**

29 C.F.R. § 782.1...................................................................................................................6

29 C.F.R. § 782.2...................................................................................................................7

29 C.F.R. § 782.5...................................................................................................................8

## PRELIMINARY STATEMENT

The Court directed defendants to make this motion to dismiss, *sua sponte*, after learning that plaintiffs are trying to skirt the Motor Carrier Act exemption, which precludes plaintiffs from claiming overtime premiums under the FLSA and the NYLL. Thus, defendants submit this memorandum of law in support of the motion. As the Court rightly surmised, both the individual overtime claims and the all of the class/collective claims are deficient.

By their own allegations, these individual plaintiffs are covered by the MCA exemption. As plaintiffs allege in the Complaint, defendants are in the business of providing moving and storage services. In other words, defendants' operations consist exclusively of loading cargo onto trucks and transporting that cargo over the roads to various locations. Plaintiffs acknowledge their duties are integrated into these operations. They allege no facts to suggest that their "integrated" activities are other than what one would expect from a line worker at a moving company. Simply stated, plaintiffs are movers. They do not, because they cannot, allege that their duties exclude the loading of defendants' vehicles. That is the essence of defendants' operations. Under the Motor Carrier Act, as explained herein, plaintiffs are exempt "loaders." As a result, plaintiffs are not entitled to recover under either the FLSA or the NYLL.

Additionally, plaintiffs fail to allege an identifiable putative class or collective. Plaintiffs allege simply that the class/collective consists of non-exempt workers who were not paid overtime. This class/collective definition fails to provide any

factual context from which one could determine (1) who are the class members, and (2) whether the class is appropriate.

As explained herein, the Court should dismiss Counts I and II and the class/collective claims.

## PERTINENT ALLEGATIONS

For purposes of this motion only, the following allegations from the Complaint are assumed to be true:

Defendants are engaged in the business of providing storage and moving services. (Ex. A, ¶ 37).[1] Defendants have been and continue to be engaged in interstate commerce. (Ex. A, ¶ 10). Defendants operate storage warehouses in New York and New Jersey. (Ex. A, ¶ 38). Defendants are registered with the U.S. Department of Transportation, Federal Motor Carrier Safety Administration, under Certificate MC-194481-C. (Ex "B"). Defendants are thus authorized by the USDOT "to engage in transportation as a common carrier of household goods by motor vehicle in interstate or foreign commerce." (Ex "B"). Defendants' USDOT number is 293895. (Ex "B").

Plaintiffs Perez and Yangua are employed as helpers and supervisors. (Ex. A, ¶¶ 39-40). Plaintiffs work is integrated into defendants' business, i.e. providing storage and moving services. (Ex. A, ¶ 42). Thus, plaintiffs "supervised" moving jobs and "helped" in the actual loading and moving of cargo. Plaintiffs' duties as supervisors are substantially similar to their duties as helpers. (Ex. A, ¶ 41). That is to say, when they supervised, plaintiffs were working supervisors. Plaintiffs do not, because they

---

[1] The referenced exhibits are attached to the accompanying Notice of Motion.

2

cannot, allege any formal assignments that would have excluded the safe loading of defendants' trucks from plaintiffs' job duties.

As defined in the Complaint, the putative class is as follows: "all persons who were employed by defendants at any time since March 12, 2002, to the entry of judgment in this case, who were non-exempt employees within the meaning of the New York Labor Law, and who have not been paid overtime wages in violation of the New York Labor Law." Plaintiffs do not offer descriptive terms to identify the jobs duties of any putative class member.

As defined in the Complaint, the putative collective is as follows: "all persons who were employed by defendants in the United Stated at any time since March 12, 2005, to the entry of judgment in this case, who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek." Plaintiffs do not offer any descriptive terms to identify the jobs duties of any putative collective member.

By their own allegations, plaintiffs show that they are exempt loaders. In addition, even if plaintiffs could maintain their individual overtime claims, they cannot pursue claims on behalf of the essentially undefined class/collective.

## ARGUMENT

I.    **RULE 12(C) STANDARD**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Thus, the claim must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007) (setting forth standard for Rule 12(b)(6)). As this Court recently observed, *Twombly* "retired" the *Conley v. Gibson* standard. *Fershtadt v. Verizon Communs., Inc.*, 2008 U.S. Dist. LEXIS 34236 (S.D.N.Y. Apr. 24, 2008).

Under *Twombly*, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." 127 S. Ct. at 1964-65 (internal quotation marks omitted). In assessing the motion, "the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor," *Patel*, 259 F.3d at 126; however, "general, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint," *Ginsberg v. Gov't Props. Trust, Inc.*, 2007 U.S. Dist. LEXIS 75771, 2007 WL 2981683, at *17 (S.D.N.Y. Oct. 11, 2007) (citation and internal quotation marks omitted).

While a court normally examines only the allegations on a motion to dismiss, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations omitted). In addition, matters of public record may also be

4

considered on such a motion. *See, e.g., Blue Tree Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

## II. PLAINTIFFS' OVERTIME CLAIMS ARE BARRED BY THE MOTOR CARRIER ACT EXEMPTION

### *A. The Motor Carrier Act Exemption Generally*

The FLSA establishes minimum wage and overtime requirements for covered employees engaged in commerce or the production of goods for commerce. 29 U.S.C. §§ 206 and 207. Several exemptions restrict or modify the FLSA requirements as they apply to certain classes of employees. 29 U.S.C. § 213. The Motor Carrier Act exemption, section 13(b)(1) ("MCA exemption"), exempts covered employees from the maximum hours and overtime provisions of the FLSA. 29 U.S.C. § 213(b)(1). The MCA exemption covers employees with whom "the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act of 1935." 29 C.F.R. § 782.1(a); *see also* 29 U.S.C. § 213(b)(1). The Secretary of Transportation does not need to actually regulate the employee or employer in order for that exemption to apply. *Southland Gasoline Co. v. Bayley*, 319 U.S. 44, 47, 63 S. Ct. 917 (1943) ("Section 13 (b)(1) exempts from the maximum hour limitation of the Fair Labor Standards Act those employees over whom the Interstate Commerce Commission 'has power to' prescribe maximum hours of service.").

### *B. Secretary of Transportation's Jurisdiction*

5

The Secretary of Transportation has the power to regulate motor carriers engaged in interstate commerce. "Even if a carrier's transportation does not cross state lines, the interstate commerce requirement is satisfied if the goods being transported within the borders of one State are involved in a 'practical continuity of movement' in the flow of interstate commerce." *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 223 (2d Cir 2002)(citations omitted). Even a minor involvement in interstate commerce as a regular part of an employee's duties subjects the employee to the jurisdiction of the Secretary of Transportation. *Morris v. McComb*, 332 U.S. 422, 68 S. Ct. 131 (1947) (employees devoting only 4% of time to interstate activities nevertheless regulable).

The jurisdiction of the Secretary of Transportation (and thus the scope of the MCA exemption), further extends to "those employees (of common carriers) whose activities affect the safety of operation." *United States v. American Trucking Ass'ns, Inc.*, 310 U.S. 534, 553, 60 S. Ct. 1059, 1069 (1940). Certain job functions necessarily affect safety of operations, including drivers, driver's helpers, loaders and mechanics. 29 C.F.R. § 782.2(b)(2); *See also Levinson v. Spector Motor Service,* 330 U.S. 649, 673 67 S.Ct. 931 (1947) (recognizing that the Interstate Commerce Commission (ICC), which originally had the authority now conferred by the MCA on the Secretary of Transportation, possessed the power to regulate the hours of loaders). In determining whether an employee falls within an exempt category, "neither the name given to his position nor that given to the work that he does is controlling; what is controlling is the character of the activities involved in the performance of his job." *Id.* Nor does the amount of time devoted to the activities control. *Morris, supra,* 332 U.S. 422. So long as the employee's safety-affecting activities are more than trivial or *de minimis*, jurisdiction

will attach and the MCA exemption will apply. *Blankenship v. Thurston Motor Lines, Inc.*, 415 F.2d 1193, 1196 (4th Cir. 1969) ("jurisdiction would not attach if an employee's activities directly related to the safety of interstate vehicles were trivial in relation to his overall duties.").

C. *The exempt "loader"*

A "loader" is an employee whose duties include, among other things, "the proper loading of his employer's motor vehicles so that they may be safely operated on the highways of the country." 29 C.F.R. § 782.5(a) (defining a "loader" for the purpose of the MCA); *Levinson*, 330 U.S. at 652 n.2, (approving a similar definition that the ICC had adopted). A loader's duties will usually also include unloading and the transfer of freight between the vehicles and the warehouse, but he engages, as a "loader," in work directly affecting "safety of operation" so long as he has responsibility when such motor vehicles are being loaded, "for exercising judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways in interstate or foreign commerce will not be jeopardized." *Id.*

The "judgment and discretion" standard is not an onerous one. It does not require that the worker is ultimately responsible for signing off on the entire load. *Vaughn v. Watkins Motor Lines*, 291 F.2d 900, 904-905 (6th Cir 2002)(significance of plaintiffs' activities was not diminished by supervisor's final authority to approve load) Nor does it preclude the worker from receiving oversight or supervision in his loading activities. *Id.*; *see also Blankenship, supra,* 415 F.2d at 1196-1197 (plaintiffs' supervisor check work at various intervals, but did not follow them onto truck each and every time

7

freight loaded). Thus, as long as the worker exercises some judgment and discretion as to the particular pieces of freight that he places in the truck (as opposed to receiving specific instructions on where to place each and every piece), the worker is functioning as an exempt loader.

For example, in *Vaughn*, *supra*, the court affirmed judgment to the employer based upon the MCA exemption. There, plaintiffs were dockworkers who worked under the supervision of 3-5 managers. Plaintiffs' responsibilities included "blocking" freight to stabilize the load and prevent shifting, and loading freight "high and tight" to distribute freight across the entire trailer. One plaintiff received formal training while the other learned on the job. Sometimes, but not all times, supervisors would give specific instructions as to how to load particular freight. A supervisor would typically inspect the freight before closing a trailer for transit. Under these circumstances, the court held that plaintiffs were exempt "loaders."

Similarly in *Blankenship*, *supra*, the court reversed and directed judgment to the employer based upon the MCA exemption. There, the court rejected plaintiffs' assertion that every loader must be a "boss" for the exemption to apply. Instead, the court held that "where the employee retains some appreciable discretion in the first instance, his employer is exempt from the overtime provisions of the FLSA." 415 F.2d at 1197.

Taken together, the cases show that when an employee is regularly called upon to place freight in a truck, the MCA exemption will apply.

**D.     *De minimis activity cases are clearly distinguishable***

8

The *de minimis* exception typically comes into play (1) where an employer points only to isolated instances of loading activity or (2) where the employer argues that some activity other than loading brings affects the safe loading of the employer's trucks.

For example, in *Troutt v. Stavola*, plaintiff was race car body fabricator for a NASCAR racing team. 905 F.Supp. 295 (M.D.N.C. 1995), aff'd, 107 F.3d 1104 (4th Cir 1997). On two occasions he assisted in "chocking down" a race car on a transporter. Under these circumstances, the court held that plaintiff's loading activities were *de minimis*.

And, in *Khan v. IBI Armored Services, Inc.*, plaintiff was a vault attendant for an armored transportation company. 474 F.Supp.2d 448 (S.D.N.Y. 2007). By company policy, there was a clear line of demarcation in defendants' operations, i.e. vault attendants could not enter defendants' trucks and the truck crews could not enter the vault. Plaintiff's duties thus could not include safely loading defendant's trucks. Consequently, the court found the "clear cleavage in responsibility is critical and dispositive." 474 F.Supp.2d at 459.

To put it another way, courts will apply the *de minimis* exception where the employer is obviously overreaching to apply the MCA exception. As explained below, that is not the case here: plaintiffs in this case are not vault attendants or race car body fabricators, they are movers.

### E. *Plaintiffs are exempt loaders*

Plaintiffs' individual overtime claims are precluded by the MCA exemption. As a threshold matter, there should be no dispute that defendants are subject to the power of the Secretary of Transportation, (Ex "B"), or that defendants' vehicles,

inclusive of the practical continuity of movement, operate in interstate commerce. *Bilyou, supra,* 300 F.3d at 223. The only question for the Court to consider is whether plaintiffs perform the duties of a "loader."

Plaintiffs have failed to plead sufficient facts to state a claim that is plausible on its face. In other words, based upon the plaintiffs own allegations, it is implausible to conclude that the safe loading of defendant's trucks was a trivial or *de minimis* function in relation to plaintiffs' overall duties. Defendants' operations depend predominantly on the safe loading of its moving trucks. Plaintiffs acknowledge that their duties as helpers were integrated to defendants' operations and that their duties as supervisors (working supervisors) were substantially the same as their helper duties. What would they have the Court think they were doing? Plaintiffs offer no factual allegations to contradict the obvious conclusion that, as movers, plaintiffs' regular duties included loading freight onto defendants' trucks. If these plaintiffs truly believed that there was something unique about their jobs that would take plaintiffs outside the scope of the exemption, presumably they would have so alleged. They did not because they cannot. Moreover, planitiffs' conclusory assertions that they perform non-exempt work are insufficient under *Twombly, supra,* because they allege *no facts to show* that the work was non-exempt.

As a result, the Court should dismiss plaintiffs' individual overtime claims.

### III.    THE CLASS/COLLECTIVE CLAIMS ARE INSUFFICIENTLY ALLEGED

Even if plaintiffs could maintain their individual overtime claims, the class/collective claims should be dismissed.

10

The FLSA permits a plaintiff to bring an action 'against any employer . . . in behalf of himself . . . and other employees similarly situated." § 216(b). While neither the FLSA nor its accompanying regulations define the term "similarly situated," courts have held that plaintiffs must, at least, provide "a modest factual showing sufficient to demonstrate that they and potential plaintiffs . . . were victims of a common policy or plan that violated the law." *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998); *see also Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 630-631 (S.D.N.Y. 2007)(dismissing claims on behalf of "others similarly situated"); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102-1103 (S.D. Iowa 2008)(same). Similarly, Rule 23 contains an "implicit requirement" that the class be precise and ascertainable so that the court may evaluate whether class treatment is proper. *Bakalar v. Vavra*, 237 F.R.D. 59, 64 (S.D.N.Y. 2006).

Even under these modest standards, plaintiffs' class/collective claims are deficient. Plaintiffs' allegations give the Court no indication whether plaintiffs are similarly situated to the putative class/collective, or even who is included in the class/collective. The class/collective claims should be dismissed.

## CONCLUSION

For all of the foregoing reasons, the Court should dismiss Counts I and II and the class/collective claims and award such other and further relief as the Court deems proper and just.

Dated: New York, New York
       June 13, 2008

                                                                 CLIFTON BUDD & DeMARIA, LLP

By: _____
Arthur J. Robb (AR 9446)
*Attorneys for Defendants*
420 Lexington Avenue
New York, NY 10170
(212) 687-7410

12