**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Edwin Perez and Javier Yangua, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>             Plaintiffs,<br><br>- vs. -<br><br>Time Moving & Storage Inc., The Time Record Storage Company, LLC, Hyperion Associates, LLC, John Kevin Gilgan, Joseph P. Candella, and James Dowse,<br><br>             Defendants. | CASE NO. 08-CV-2775<br><br>COMPLAINT<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' RULE 12(C) MOTION** |

**MEMORANDUM OF LAW OF PLAINTIFFS IN OPPOSITION TO DEFENDANTS' RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

SAMUEL & STEIN
David Stein (DS 2119)
Michael Samuel (MS 7997)
Attorneys for Plaintiffs,
Edwin Perez and Javier Yangua
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ............................................................................................................1

LEGAL ARGUMENT....................................................................................................................2

    I.    LEGAL STANDARD FOR A MOTION FOR JUDGMENT ON THE PLEADINGS 2

    II.    WHETHER PLAINTIFFS' JOBS ARE GOVERNED BY THE MOTOR CARRIER ACT EXEMPTION IS A FACTUAL ISSUE NOT SUITABLE FOR A MOTION FOR JUDGMENT ON THE PLEADINGS. .............................................................3

    III.    PLAINTIFFS HAVE PLEADED THEIR CLASS AND COLLECTIVE ALLEGATIONS WITH SUFFICIENT SPECIFICITY, AND EVEN IF THEY HAVE NOT, JUDGMENT ON THE PLEADINGS IS INAPPROPRIATE ................6

CONCLUSION...............................................................................................................................9

i

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                     Page

*Bakalar v. Vavra*, 237 F.R.D. 59 (S.D.N.Y. 2006)..........................................................................7

*Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) ......................................................................2,5

*Burnette v.Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)....................................................................2

*Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005).............................2

*In Ispass v. Pyramid Motor Freight Corp*, 330 U.S. 695, 708, 67 S.Ct. 954 ..................................5

*Khan v. IBI Armored Services, Inc.*, 474 F.Supp.2d 448 (S.D.N.Y. 2007) .....................................5

*Realite v. Ark Restaurants Corp.,* 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ...........................................7

*Scheuer* v. *Rhodes*, 416 U. S. 232 (1974) .........................................................................................4

*Troutt v. Stavola Bros., Inc.*, 107 F.3d 1104 (4th Cir. 1997) ........................................................ 5-6

*Zhong v. August August Corp.*, 498 F.Supp.2d 625 (S.D.N.Y. 2007) .............................................8


*<u>Statues and Rules</u>*

29 U.S.C. § 201, et seq..................................................................................................................... 1

29 U.S.C. §211(c) ............................................................................................................................ 7

29 U.S.C. § 213(b)(1) ...................................................................................................................... 3


Fed. R. Civ. P. 12(c) ........................................................................................................................ 3

Fed. R. Civ. P. 12(b)(6).................................................................................................................... 2

Fed. R. Civ. P. 12(e) ........................................................................................................................ 9

Fed. R. Civ. P. 23............................................................................................................................. 7


New York Labor Law §§ 650 et seq. ............................................................................................... 1

**PRELIMINARY STATEMENT**

This is a case filed under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and the analogous provisions of New York Labor Law § 650 et seq., by employees of a moving company, Time Moving & Storage, Inc.[1] (hereinafter referred to as "Time Moving" or "defendants"). Although these employees have been routinely compelled by Time Moving to work more than 40 hours in a week, they are not paid any overtime bonus. Moreover, these employees have been routinely compelled by Time Moving to start work before being permitted to "clock in," thus denying them pay for some of the hours they work and resulting in pay below the minimum wage for some of the hours they worked. After repeatedly trying, and failing, to get fair wage treatment from defendants, plaintiffs were forced to bring this action.

Now, rather than paying plaintiffs as the law requires, defendants seek to hide behind the narrow exemption to the Fair Labor Standards Act found in the Motor Carrier Act Exemption, in order to continue to unfairly underpay their employees, and have brought this motion to dismiss plaintiffs' case on the pleadings. The motion is misguided, misplaced, and premature; it would require the Court to rule upon disputed factual issues before any discovery has been taken. Respectfully, this Court should not permit defendants to bypass the appropriate legal process.

**FACTUAL STATEMENT**

Because this motion comes before the Court on defendants' motion for judgment on the pleadings, factual disputes are outside the scope of this proceeding. Therefore, plaintiffs will not restate the facts alleged in the Complaint for the purpose of arguing with defendants' factual

---

[1] Plaintiffs have named as defendants three corporate entities: Time Moving & Storage Inc., The Time Record Storage Company, LLC, and Hyperion Associates, LLC. Plaintiffs all worked for the same employer, reporting to the same supervisors, at the same locations, doing the same work, but sometimes were paid by one entity and sometimes another. At this very early stage of the case, when discovery has not yet begun, it is not entirely clear what the relationship between these entities is, and for convenience, all will be described as "Time Moving."

claims. However, plaintiffs feel it necessary to point out one misstatement of a crucial fact by defendants in their Memorandum of Law in Support of Defendants' Rule 12(c) Motion to Dismiss. Defendants characterize the Complaint as alleging that plaintiffs "helped in the actual loading and moving of cargo." This is not an accurate summary of the Complaint. Nowhere do plaintiffs claim to have engaged in any "loading" activities, as will be explained further in Section II of the Legal Argument portion of this memorandum.

## LEGAL ARGUMENT

### I. LEGAL STANDARD FOR A MOTION FOR JUDGMENT ON THE PLEADINGS.

Pursuant to Federal Rule of Civil Procedure 12(c), "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Burnette v.Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). "A complaint should not be dismissed under Rule 12(c) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005). Accordingly, although a "formulaic recitation of the elements of a cause of action will not do," *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007), a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, and it may "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id. at* 1965.

## II. WHETHER PLAINTIFFS' JOBS ARE GOVERNED BY THE MOTOR CARRIER ACT EXEMPTION IS A FACTUAL ISSUE NOT SUITABLE FOR A MOTION FOR JUDGMENT ON THE PLEADINGS.

Defendants spend almost half of their memorandum arguing that there is a Motor Carrier Act, that it empowers the Secretary of Transportation to regulate motor carriers engaged in interstate commerce, that it also grants the Secretary of Transportation jurisdiction over employees "whose activities affect the safety of operation," and that this jurisdiction preempts the Fair Labor Standards Act for those particular employees. As general statements of law, plaintiffs dispute none of these points.

Defendants further argue that they are entitled to the protection of the so-called Motor Carrier Exemption, 29 U.S.C. § 213(b)(1), and produce a printout from a United States Department of Transportation website to show that Time Moving & Storage, Inc. has a Motor Carrier Certificate. Plaintiffs do not dispute at this time that *generally speaking*, many of the activities of defendants presumably fall under the jurisdiction of the Motor Carrier Act (although plaintiffs note, for the record, that defendants have not produced such certificates for the other named defendants in this case, The Time Record Storage Company, LLC, or Hyperion Associates, LLC).

Defendants further argue that "loaders" – employees whose duties include the proper loading of their employers' motor vehicles for safe driving – generally fall within the category of employees who are included under the Motor Carrier Act Exemption, unless they either possess absolutely no discretion or their loading activities represent a *de minimis* portion of their job duties. Again, as general statements of law, plaintiffs do not dispute these points.

Rather, despite the long-windedness of defendants' memorandum of law, the entire dispute boils down to a single page from defendants' memorandum, Section II.E., entitled "Plaintiffs are exempt loaders." Defendants' argument is presented as a simple syllogism:

3

loaders are exempt, plaintiffs are loaders, therefore plaintiffs are exempt from the FLSA. The logic is flawless, but the argument has one serious and fatal defect: defendants are trying to create a smokescreen to conceal the fact that they have skipped over the step of actually ***proving*** the second proposition in the syllogism, namely, that plaintiffs are loaders. That defendants *say* plaintiffs are loaders does not definitively establish it as such.

Indeed, rather than attempting to demonstrate that plaintiffs actually are loaders, defendants hope that by merely baldly stating "by their own allegations, plaintiffs show that they are exempt loaders," this Court will not notice the lack of foundation for the claim. In fact, plaintiffs allege nothing of the kind; plaintiffs do not use the term "loaders" at all in their Complaint. Rather, plaintiffs identify their job titles as "helpers," or as nominal "supervisors" who do the same work as "helpers." [Complaint, ¶¶39-41.] Although it is true that the term "helper" does not provide a detailed description of plaintiffs' job responsibilities, plaintiffs also state that, "The work performed by plaintiffs did not affect motor vehicle operation safety." [Complaint, ¶44.] Ignoring these allegations, defendants seem to want the Court to assume that a "helper" must perform the job of a "loader." But defendants have filed a motion for judgment on the pleadings, and as defendants know well, in such a motion, statements in the pleadings are presumed to be true, and the pleadings are construed in the light most favorable to the non-moving party. The pleadings here, when viewed in the light most favorable to plaintiffs, compel a determination that defendants' 12(c) motion must fail.

Defendants argue that it is "implausible" that a "helper" would not be a "loader," but even if that assertion were correct, it would not avail defendants. On a motion for judgment on pleadings – judged by the same standard as a motion to dismiss – it is not the role of the Court to decide how likely it is that plaintiffs can prove their case, as the Supreme Court explained. "('Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a

complaint's factual allegations'); *Scheuer* v. *Rhodes*, 416 U. S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely')." *Bell Atlantic* at 1965. In fact, defendants' assertion about the plausibility of "helpers" not being "loaders" is not correct; plaintiffs are prepared to testify (at the appropriate time) that their personal job duties involved packing and delivering packed materials to the loaders – but not loading trucks or driving them. And as the Supreme Court noted, the "mere handling of freight in a terminal, before or after loading," does not automatically turn one's job from a non-exempt position to an exempt "loading" position that affects safety of operation. *In Ispass v. Pyramid Motor Freight Corp*, 330 U.S. 695, 708, 67 S.Ct. 954.

In practice, the distinction between freight handling and loading, although seemingly small, is non-trivial; *Khan v. IBI Armored Services, Inc.*, 474 F.Supp.2d 448 (S.D.N.Y. 2007), cited by defendants, illustrates why, and strongly supports the plaintiffs' position in this case. In *Khan*, the Court noted that the Motor Carrier Act defense is a "statutory excuse" for not paying overtime, characterized it as an "affirmative defense" for which defendants had the burden of proof, and noted that the exemption was to be "narrowly construed against the employers." *Id*. at 452. The *Khan* Court then engaged in pages of fact finding as to the specific duties of the employee Khan to determine whether Khan would be classified as an exempt "loader," examining detailed testimony – not merely pleadings – from Khan and his supervisor and co-workers. After this in-depth factual analysis, the Court found that Khan's job, which consisted in part of placing outbound cargo on pallets to be wheeled to the trucks, but not personally loading the trucks, made him a "packer," in contradistinction to a loader," and found that Khan was an employee covered by the FLSA rather than exempt under the Motor Carrier Act. *Id* at 459.

Another case involving the Motor Carrier Act Exemption mentioned by defendants in their moving papers, *Troutt v. Stavola Bros., Inc.*, 107 F.3d 1104 (4th Cir. 1997), also strongly

5

supports plaintiffs' position here.  The defendant-employers, Stavola, attempted to argue that exempt status stemmed from merely being a member of a class of employees whose activities affected safety.  The Fourth Circuit rejected this argument, explicitly stating, "the Supreme Court has been equally clear that when there is a factual question as to whether a particular employee is within one of these covered classifications that question is decided in the judicial process and on an individual basis."  The Court further explained that the activities of the employee, not the name of the employee's position, was dispositive.  *Id* at 1109.

In short, the case law all stands for a simple proposition: the question of whether employees are covered by the Motor Carrier Act Exemption is a fact-specific inquiry.  The answer depends on the specifics of the job duties of each employee, and these necessarily can only be examined after a factual record has been compiled – not in a motion for judgment on the pleadings.  Accordingly, defendants' motion for judgment on the pleadings should be denied.

### III. PLAINTIFFS HAVE PLEADED THEIR CLASS AND COLLECTIVE ACTION ALLEGATIONS WITH SUFFICIENT SPECIFICITY, AND EVEN IF THEY HAVE NOT, JUDGMENT ON THE PLEADINGS IS INAPPROPRIATE.

Defendants next argue that plaintiffs' class and collective claims are "deficient" because they are "insufficiently alleged," arguing conclusorily that plaintiffs have not shown whether they are similarly situated to other class and collective members, or who those class and collective members are.  However, defendants fail to explain why they think that the potential class/collective, as described in the Complaint, is insufficient.  Plaintiffs have described their grievances with their employers/defendants – that employees who were not responsible for safety worked more than 40 hours per week but were not paid overtime, and that workers were forced to work "off the clock" – have alleged that these were not merely isolated incidents but represented a "policy and practice," and have identified the potential collective as

> ...all persons who are or were formerly employed by defendants in the United States at any time since March 12, 2005, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek.

(See Complaint, ¶ 18). The potential class is defined the same way, with the only difference being the start of the relevant time period – March 12, 2002 – to account for the longer statute of limitations on the New York state law claims subject to the class. (See Complaint, ¶ 29.) It is unclear why defendants would find this to be insufficient for the class to be "precise and ascertainable." Defendants presumably have records of hours worked and wages paid for all of these employees– after all, they are required by law (specifically, 29 *U.S.C.* §211(c)) to maintain such records – and know which employees had which job duties.

However, assuming *arguendo* that plaintiffs' have insufficiently alleged their class claims, defendants' motion is still without merit. Defendants cite to *Realite v. Ark Restaurants Corp.,* 7 F. Supp. 2d 303 (S.D.N.Y. 1998), apparently for the proposition that plaintiffs need to prove that potential class/collective members are similarly situated, and that plaintiffs herein have failed to do so. Defendants quote *Realite* as saying that plaintiffs must "at least provide 'a modest factual showing." They also cite to *Bakalar v. Vavra*, 237 F.R.D. 59 (S.D.N.Y. 2006) for the proposition that Rule 23 contains an implicit requirement that the class be "precise and ascertainable."

But to read these cases is to understand why they are inappropriate for the motion at bar; these cases have entirely different procedural postures. Both *Realite* and *Bakalar* were addressing *motions for class certification*, not motions for judgment on the pleadings. Perhaps it is arguable that, were plaintiffs attempting to certify the class based on the current record, plaintiffs would have failed to meet their burden of sufficiently specifying the class. But this case has just begun, and to argue that plaintiffs have failed to make a "factual showing" – before

7

plaintiffs have had a chance to conduct any discovery – puts the proverbial cart before the horse. Moreover, in *Realite*, the court ultimately *certified* the class, based upon a description not significantly different or more precise than the one already proffered by plaintiffs. *Id*. at 304.

Defendants' citation to *Zhong v. August August Corp.*, 498 F.Supp.2d 625 (S.D.N.Y. 2007), a case which is superficially more similar in that it at least presents as a motion to dismiss rather than as a motion for class certification, does nothing to advance their argument.  It is true that in *Zhong* the Court dismissed plaintiff's class complaint for failure to provide sufficient notice of the class aspect of his claim, but in that case, the plaintiff had mentioned "others similarly situated" in the caption, but they were "referenced only minimally in the body of the complaint itself."  Moreover, the Court found significant that in the *Zhong* complaint, there was "no reference made to a policy to which other employees are subject, nor to any company policy at all."  In contrast, plaintiffs here have explicitly made reference to a "policy and practice" of not paying overtime, and have identified the class in detail.  (Indeed, defendants seem to implicitly concede that they had such a policy and practice, given that their defense is based not upon actual payment of overtime, but upon the claim that they are exempt from paying overtime.)

Moreover, even if the facts of *Zhong* were applicable here, the defendants in *Zhong* sought and received a different form of relief than that requested by Time Moving.  The defendant employers in *Zhong* brought a motion to dismiss under FRCP 12(b)(6) for failure to state a claim, and the District Court granted the motion, <u>with leave to replead</u>, noting the Second Circuit's "lenient stance towards allowing plaintiff to amend claims that have been dismissed pursuant to Fed.R.Civ.P. 12(b)(6)." *Zhong*, at 632 (citation omitted).  In this case, defendants have asked not for the claim to be dismissed, but, rather, for judgment on the pleadings.  This is an entirely inappropriate remedy.

**CONCLUSION**

For all the reasons set forth above, this Court respectfully should deny defendants' motion for judgment on the pleadings in its entirety, or in the alternative, interpret defendants' arguments as a request for a motion for a more definite statement under F.R.C.P. 12(e) and permit plaintiffs to provide the same.

Respectfully submitted,

By: _____
David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
Attorneys for Plaintiffs,
Edwin Perez and Javier Yangua
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884

Dated: July 11, 2008