UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ --x
EDWIN PEREZ and JAVIER YANGUA,
individually and on behalf of all other persons
similarly situated,

                      Plaintiffs,

                                                                               08-cv-2775 (CM)(KNF)

     -against-

TIME MOVING & STORAGE INC., THE TIME
RECORD STORAGE COMPANY, LLC,
HYPERION ASSOCIATES, LLC, JOHN KEVIN
GILGAN, JOSEPH P. CANDELLA, and, JAMES
DOWSE,

                      Defendants.
------------------------------------------------------------ --x

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RULE 12 (C) MOTION TO DISMISS

Clifton Budd & DeMaria, LLP
420 Lexington Avenue
New York, New York 10170
212-687-7410

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT .......................................................................................................................... 1

    I.    PLAINTIFFS MISSTATE THE RULE 12(C) STANDARD ................................ 1

    II.    PLAINTIFFS CANNOT CURE THE DEFECTS IN THEIR FACTUAL
    ALLEGATIONS BY RECITING LEGAL CONCLUSIONS ........................................ 3

CONCLUSION ....................................................................................................................... 4

## TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007) .................. 1

*Copley v. Fla. Physicians Ins. Co.*, 2008 U.S. Dist. LEXIS 14296 (M.D.Fl. Feb. 26, 2008) ................................................................................................................................ 2

*Fershtadt v. Verizon Communs., Inc.*, 2008 U.S. Dist. LEXIS 34236 (S.D.N.Y. Apr. 24, 2008) ................................................................................................................................ 1

*Ginsberg v. Gov't Props. Trust, Inc.*, 2007 U.S. Dist. LEXIS 75771, 2007 WL 2981683, (S.D.N.Y. Oct. 11, 2007) .............................................................................................. 4

*Lee v. Sony BMG Ent., Inc.*, 07 civ. 6733 (CM), 2008 U.S. Dist. LEXIS 39975 (S.D.N.Y. May 15, 2008) ............................................................................................................ 1, 3

*Mendez v. Sandpiper Farms LLC*, 2007 U.S. Dist. LEXIS 76905 (N.D.Cal. Oct 3, 2007) 2

*Reyes v. CUNY*, 06 civ. 3639 (CM), 2007 U.S. Dist. LEXIS 55101 (S.D.N.Y. July 26, 2007) ................................................................................................................................ 2

**PRELIMINARY STATEMENT**

As they did in the Complaint, plaintiffs gloss over the Rule 12(c) standard under *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). In so doing, they ignore the deficiencies in the Complaint and ask the Court to do the same. The essence of defendants' operations involves the safe loading of commercial vehicles in interstate commerce. Plaintiffs' allegations make this clear, and they concede as much in their opposition papers. See Pl. Memo in Opp., p. 3. Under *Twombly*, therefore, it was incumbent upon plaintiffs to allege sufficient facts about their job duties to show plausibly that the MCA exemption does not apply to them. They did not, because they cannot, do so.

**ARGUMENT**

**I.     PLAINTIFFS MISSTATE THE RULE 12(C) STANDARD**

In opposition to this motion, plaintiffs erroneously cite the *Conley v. Gibson* standard, see Pl. Memo in Opp., p. 2, which, as this Court has noted was "retired" by *Twombly*. *Fershtadt v. Verizon Communs., Inc.*, 2008 U.S. Dist. LEXIS 34236 (S.D.N.Y. Apr. 24, 2008). In so doing, plaintiffs state that it matters not that their claims are "implausible". See Pl. Memo in Opp., p. 4. This misstatement of law reveals that plaintiffs do not understand their pleading obligations. This Court's recent decisions illustrate that "plausibility" is a real standard, which plaintiffs have not met in this case.

In *Lee v. Sony BMG Ent., Inc.*, 07 civ. 6733 (CM), 2008 U.S. Dist. LEXIS 39975 (S.D.N.Y. May 15, 2008), for example, the Court dismissed plaintiff's claim of disability discrimination and retaliation. The Court stated that "[the] 'plausibility standard is a flexible one, 'obliging a pleader to amplify a claim with some factual

1

allegations in those contexts where such amplification is needed to render the claim *plausible*." 2008 U.S. Dist. LEXIS 39975 at **12 (citations omitted)(emphasis in original). In *Lee*, the allegations suggested that plaintiff's claimed disabilities were the result of the actions complained of, and not the cause. In that context, plaintiff's bare-bones assertions that she was disabled were insufficient to make her claims plausible. Thus, the Court dismissed the claims.

In *Reyes v. CUNY*, 06 civ. 3639 (CM), 2007 U.S. Dist. LEXIS 55101 (S.D.N.Y. July 26, 2007), the Court dismissed plaintiff's claims of retaliation. In *Reyes*, this Court commented that *Twombly* "elevated" the standard for pleading a claim. 2007 U.S. Dist. LEXIS 55101 at **11. Over plaintiff's exhortation that causality is a question of fact, the Court dismissed the claims. Specifically, because of the gap in time between the claimed protected activity and the alleged retaliation, this Court found that additional allegations where necessary to make the claim plausible. *Id.* at **14-15. The Court dismissed the claim specifically on a finding that it was implausible. *Id.* at **18.

Other courts have applied the *Twombly* standard to require an ostensibly FLSA-exempt plaintiff to plead facts that, if true, would show the exemption does not apply. *See e.g.*, *Copley v. Fla. Physicians Ins. Co.*, 2008 U.S. Dist. LEXIS 14296 at **4 (M.D.Fl. Feb. 26, 2008)("Plaintiff has identified herself as an insurance claims adjuster in her Complaint, but has failed to plead sufficient facts demonstrating how or why she should not be classified as an administrative employee exempt from the FLSA"); *Mendez v. Sandpiper Farms LLC*, 2007 U.S. Dist. LEXIS 76905 at **6 (N.D.Cal. Oct 3, 2007)("Plaintiffs concede that the claim pleaded in the First Amended Complaint for

2

violations of the FLSA fails because they are agricultural workers exempted from the scope of that law").

As in the above cited cases, plaintiffs' allegations are insufficient to show there is a plausible claim for unpaid overtime premiums.

## II. PLAINTIFFS CANNOT CURE THE DEFECTS IN THEIR FACTUAL ALLEGATIONS BY RECITING LEGAL CONCLUSIONS

Because defendants' operations consist exclusively of loading cargo onto trucks and transporting that cargo over the roads to various locations, the context requires plaintiffs to amplify their pleadings with sufficient *factual* allegations to plausibly claim that the MCA exemption does not apply to them. *Lee*, 2008 U.S. Dist. LEXIS 39975 at **12. In other words, because plaintiffs are movers, any rational person would reasonably expect that part of plaintiffs' job includes loading moving trucks. Thus, on its face, the Complaint suggests that plaintiffs are covered by the MCA exemption and that plaintiffs' overtime claims are, therefore, implausible. If plaintiffs contend that they are movers who do not load trucks (as if defendants have a need for such an employee), it is incumbent upon plaintiffs to allege their specific job duties. They did not because they cannot do so.

Plaintiffs' reference to legal conclusions does not cure this defect. Acknowledging that the MCA exemption is a barrier to recovery on their overtime claims, plaintiffs rely exclusively on the following allegation of the Complaint: "The work performed by plaintiffs did not affect motor vehicle safety." See Pl. Memo in Opp., p.4. This is a mere conclusion, which the Court need not, and should not, credit. *Ginsberg v. Gov't Props. Trust, Inc.*, 2007 U.S. Dist. LEXIS 75771, 2007 WL 2981683,

3

at *17 (S.D.N.Y. Oct. 11, 2007)("general, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint").  Plaintiffs do not allege what it is that they do, if they are not moving cargo onto defendants' trucks.  Defendants believe that plaintiffs cannot, under Rule 11, allege that their duties *excluded* loading cargo onto trucks.  In any event, plaintiffs clearly did not allege sufficient *facts* about their jobs to permit the Court to conclude that their overtime claims are plausible.

## CONCLUSION

For all of the foregoing reasons, and those set forth in defendants' moving papers, the Court should dismiss Counts I and II and the class/collective claims and award such other and further relief as the Court deems proper and just.

Dated: New York, New York
       July 18, 2008

                                        CLIFTON BUDD & DeMARIA, LLP

                                        By: /s/
                                            Arthur J. Robb (AR 9446)
                                            *Attorneys for Defendants*
                                            420 Lexington Avenue
                                            New York, NY 10170
                                            (212) 687-7410

4